*Orphans' Court, Dauphin County, October 29th,* 1866.

IN THE MATTER OF GEIGER'S ESTATE.

A testator in his will directed a certain sum of money to be invested in stocks or real estate, the dividends, rents or profits of which were to be used in the support and education of his nephew until he attained the age of twenty-one, and then the stocks, money or land to be given to him or his heirs. The nephew died before attaining the age of twenty-one. *Held,* That this was a vested legacy, and upon the death of the devisee went to his legal representatives, and not to the residuary legatees of the testator.

BY THE COURT.—Two of the residuary legatees of George Geiger's will have petitioned the Orphans' Court to have paid over to them a portion of the bequest of one thousand dollars given for the use of George Geiger, Jr., for life, averring that the devisee died before attaining the age of twenty-one, by which his

[In the Matter of Geiger's Estate.]

interest therein ceased. The mother of George Geiger, Jr., conceding that her son died in the manner and at the age stated in the petition, claims the money as his sole legal representative, contending that the legacy was *vested* in him. That portion of the will of George Geiger the elder, under which the question arises is in these words: " Item. I direct my executors to invest in stocks or in the purchase of good real estate in the county, the sum of one thousand dollars, the dividends, rents, or profits of which to be applied to the support and education of my nephew, George Geiger, son of Hiram Geiger, deceased, until he attains the age of twenty-one years, and in case he live to attain that age, I give the said stock, money, or land to him and his heirs." Is this legacy vested or contingent under all the words of the will, the legatee having died in his minority? It is a settled rule that when the time is annexed to the legacy and not to the payment of it, and the legatee die before the day of payment, it is lapsed—was contingent, and the contingency on which it was given never happened. If there be a previous gift of the legacy and the day of payment alone is postponed, it is vested. Where there is no other gift than by a direction to pay at a future time, or on a given event, or to transfer from and after a given event, the vesting will be postponed till after that time has arrived, or that event has happened, unless from particular circumstances a contrary intention is to be collected. The words " *when,*" " *if,*" " *in case,*" and similar expressions, have all been declared to be conditions. (1 Roper on Legacies, 383, 4 and 5; 2 Williams on Executors, fifth Am. edition, 1106, 7 and 8; Jarman lays down the same rules. See the condition " *in case,*" 3 Atk. 504.) If then there is no qualification in this bequest of the thousand dollars to George Geiger, except the gift thereof, " *in case* he lives to attain the age of twenty-one," it is clearly conditional, depending on the happening of the contingency, and is not vested, he having died before that time. The respondent relies in the present case on the fact that the testator set apart this fund of one thousand dollars from his general estate, and directed it to be invested in stocks or land, and the dividends or rents to be applied to the support and education of his said nephew until he attained the age of twenty-one years; and it must be conceded to be a general principle that where a testator bequeaths a legacy to a person at a future time, and either gives him the immediate interest or directs it to be applied to his benefit, the court considers the disposition of the interest to be an indication of the testator's intention that the legatee shall at all events have the principal, and on that ground holds the legacy to be vested. (See 2 Williams on Executors, 1109–10, and cases there cited; Fearne on Contingent Remainders, 553, Butler's Notes; 1 Roper on Legacies, 337–8, *et seq.*, and the cases there referred to; Jarman on Wills, 764 to

[In the Matter of Geiger's Estate.]

767, marginal paging; 2 Bro. C. C. 4; 2 Vent. 342; 3 Atk. 645.) This is indicated in many reported cases and by the best elementary writers as a general broad rule; yet we find it differently explained and certain exceptions stated by able English chancellors and some American judges. In Batsford *v.* Kebbel (3 Ves. Jr. 363), Lord Rosslyn takes the distinction between the gift of the *corpus,* taking it out of the residue, and a gift of the dividends only, the capital to be taken out at a future period, the dividends being a distinct legacy; and as there was no gift but in the direction to pay at a future period, which only attached on the party attaining a specified age, the legacy was contingent. This distinction has been followed in many other cases, and is adopted by Roper at 391–2; Williams on Executors, 1112–13–15, etc., and to some extent would seem to rule this case, as there is here a distinct gift of the dividends or rent for maintenance and education, and a separate direction to pay over the principal on the legatee attaining his majority, there being no other gift of the *corpus* except in the direction to pay. But the thousand dollars is to be severed and separated from the rest of the estate, and invested in stock or land, for the particular benefit of this legatee, he to receive the interest, etc., until twenty-one, for support and education, and on attaining that age, the principal, whether in stock or land, is given to him absolutely. There is no provision for the amount thus set apart reverting to the State in any event, nor is there any limitation over on the immediate object of the testator's bounty dying under twenty-one, and the books declare that there is no important distinction between a case where the *corpus* of the legacy is to be severed *instanter* from the general estate for the use and benefit of the legatee, and where it is to be severed only on the happening of the particular event. (Saunders *v.* Vanteer, 1 Cr. & Ph. 240; Greet *v.* Greet, 5 Beav. 123, 147, 156; Lister *v.* Brady, 1 Hare, 10; 9 Idem, 649; 9 Beav. 66.) The money, stock, or land, in the meantime remaining in the hands of the executors or under their control as trustees, can make no essential difference, for in very many of the reported cases the funds were so placed to be applied by them to the support of the legatee.

It is the policy of the law to treat legacies as vested rather than contingent; as a gift of the testator's bounty to the immediate donee, rather than to some person more remote, or to a residuary legatee. This is declared in all of the books, and in none more emphatically than in the decisions of our own State. It is against public policy to tie up gifts of personal property with conditions, or to have the rights of the donee depend on remote or future contingencies. We are well aware that in declaring the present to be a vested legacy we in a measure disregard the language of the testator; but we are thereby quite as likely to effectuate his inten-

[Rank et al. *v.* The Dauphin and Susquehanna Coal Company.]

tion, and better conform to the general rules of interpretation, than by deciding that it was contingent; and although severed from the general estate and set apart for the benefit of the legatee, that it again reverted, and went to the residuary legatees without any expressions or provisions in the will indicating such object. On the whole we are of the opinion that the residuary legatees of George Geiger, deceased, are not entitled as such to this legacy, but that the same was vested in George Geiger the younger, and must go to his legal representatives. The petition is therefore dismissed at the cost of the petitioners.

AFFIRMED BY THE SUPREME COURT (9 P. F. Smith, 70).

*Fleming, for petitioner.*

*Alricks, for respondent.*